UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

IN THE MATTER OF AN APPLICATION
OF THE UNITED STATES OF AMERICA
FOR A WARRANT AUTHORIZING THE         09 - M -     **09 - M - 0248**
DISCLOSURE OF DATA RELATING TO
A SPECIFIED CELLULAR TELEPHONE

## APPLICATION

The United States of America, by and through its attorneys, Michelle L. Jacobs, the Acting United States Attorney for the Eastern District of Wisconsin, and Bridget J. Domaszek, Assistant United States Attorney for said district, hereby makes application for an order pursuant to Federal Rule of Criminal Procedure 41, and Title 18, United States Code, Sections 2703, 3103a(b), and 3117, authorizing the disclosure of the approximate position of a cellular telephone. In support of this request, the applicant states the following:

1. This application is based on affidavit of Task Force Agent Mark Wagner with the United States Department of Justice, Federal Bureau of Investigation, assigned to the Milwaukee High Intensity Drug Trafficking Area, Drug Gang Task Force, working jointly with the State of Wisconsin Department of Justice, Division of Criminal Investigation (DCI), which affidavit is attached hereto and incorporated by reference. As described in that affidavit, there is probable cause to believe that the user of a Sprint Nextel telephone assigned telephone number 773-938-4386 (FNU LNU, AKA, "DEF DEF,") has committed violations of Title 21, United States Code, Sections 841(a)(1) (possession with the intent to distribute and distribute controlled substances), 846 (conspiracy to possess with the intent to distribute and distribute controlled substances), and 843(b) (use of communications facilities to facilitate controlled substance felonies).

2. The cellular telephone is issued by Sprint Nextel (hereinafter "service provider") and bears International Mobile Subscriber Identity (IMSI) number 316010165417824 and is believed to be in the possession of FNU LNU, AKA, "DEF DEF."(hereinafter "subject telephone").

3. As described in the attached affidavit, there is probable cause to believe that the subject telephone has been and will continue to be used to further the above-described violations.

4. It is believed that the service provider which services the subject telephone, has the technical means promptly to generate and record location data with respect to a specified wireless telephone by measuring its position relative to other known reference points. It is further believed that this information will enable federal agents to monitor the approximate location of the telephone and to track its movements, thereby aiding them in locating the subject and determining his activities.

5. Based upon prior contact with the service provider to the subject telephone, the applicant verifies that the description and format of the records and other information sought are acceptable to the provider, that the types of records and other information are readily available to the provider, and that the records and other information sought will not include the contents of any communications.

6. For these reasons and those further specified in the supporting affidavit, the United States requests that this Court issue an order authorizing the service provider to employ and disclose the results (through any means reasonably available) of any and all available location-based services, including but not limited to real-time cell-site data, precision location, and those "Enhanced-911" services developed to comply with the provisions of 47 C.F.R. § 20.18. It is further requested that this Court order, consistent with the provisions of 18 U.S.C. § 2703(e), that no cause of action shall

lie against the provider for complying with the order.

7. The government further requests an order authorizing the government to use a hand-held pen register device or process to identify the precise location of the subject telephone.

8. It is further requested that the electronic surveillance of the subject telephone's location-based services be authorized for a period of forty-five (45) days measured from the day on which investigative or law enforcement officers first begin to conduct surveillance under this order or ten (10) days after this order is entered, whichever occurs first. In the event that the Court grants this application, there will be periodic monitoring of the cellular telephone during both daytime and nighttime hours during the authorized period of monitoring.

9. It is further requested that in the event that the subject telephone is now located or travels outside the territorial jurisdiction of the court, the order authorize the continued monitoring of the electronic tracking device in any jurisdiction within the United States, pursuant to Fed. R. Crim. P. 41(b)(4), 18 U.S.C. §§ 2703 and 3117.

10. It is further requested that pursuant to Fed. R. Crim. P. 41(f)(3), 18 U.S.C. §§ 3103a and 2705(a)(2), this Court permit delayed notification of this order for a period of 90 days, which may be extended for good cause, because there is reason to believe that notification of the existence of the requested court order will result in: (1) endangering the life or physical safety of an individual; (2) assisting {name of subject of the investigation}, and/or his associates, in flight to avoid prosecution; (3) destruction of or tampering with evidence; (4) intimidation of potential witnesses; or (5) otherwise seriously jeopardizing an investigation.

Dated at Milwaukee, Wisconsin, this _10th_ day of July, 2009.

                MICHELLE L. JACOBS
                Acting United States Attorney

    By: *Bridget J. Domaszek*

                BRIDGET J. DOMASZEK
                Assistant United States Attorney